IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCO McKNIGHT,

                                                                      ORDER

                Petitioner,

                                                               09-cv-576-bbc

     v.

C. HOLINKA, Warden,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Marco McKnight has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He has paid the $5 filing fee. He contends that the Bureau of Prisons has violated his rights by refusing to place him in a halfway house for the full 12 months authorized by the Second Chance Act of 2007, enacted as 18 U.S.C. § 3624(c).

      I cannot consider the merits of the petition because petitioner concedes that he has not exhausted his administrative remedies. Although § 2241 does not include an exhaustion rule, the Court of Appeals for the Seventh Circuit applies one under common law. <u>Sanchez v. Miller</u>, 792 F.2d 694, 697 (7th Cir. 1986). Petitioner attempts to explain his failure to use the grievance process in one sentence: "If I would have went though the Administrate Remedy procedure, I would have lost what I am asking for."

1

It is not completely clear what plaintiff means by this, but I assume he believes that there is not enough time to complete the grievance process. Petitioner cites <u>Gonzales v. O'Connell</u>, 355 F.3d 1010 (7th Cir. 2004), in which the court of appeals recognized exceptions to the exhaustion requirement for § 2441 petitions, including "unreasonable delay."

Petitioner's argument is not persuasive for two reasons. First, petitioner does not identify his release date. Ordinarily, the Bureau of Prisons reviews prisoners for halfway house placement 17-19 months before a prisoner's projected release. <u>Miller v. Whitehead</u>, 527 F.3d 752, 756 (8th Cir. 2008); <u>Drummond v. Martinez</u>, 2009 WL 3241851, *8 (M.D. Pa. 2009); <u>D'Apice v. Woodring</u>, 2009 WL 412111, *5 (C.D. Cal. 2009). This leaves prisoners at least five months to complete the grievance process before the 12-month period begins. Petitioner does not suggest that the bureau deviated from its general practice in his case.

Second, petitioner concedes that the bureau made its decision on June 17, 2009, but he did not file his petition until three months later, on September 21, 2009. (The petition could not be screened until now because petitioner did not submit a proper check for the filing fee until October 19.) If petitioner had begun the grievance process as soon as he received a decision, it is likely that he would be finished by now. Thus, "[t]he press of time is [petitioner's] fault. . . . A prisoner cannot manufacture exigency by tarrying." <u>Richmond</u>

2

v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004). Before petitioner may obtain relief in this court, he must complete the administrative grievance process set forth in 28 C.F.R. §§ 542.10-19.

ORDER

IT IS ORDERED that the petition for a writ of habeas corpus filed by Marco McKnight under 28 U.S.C. § 2241 is DISMISSED for petitioner's failure to exhaust his administrative remedies.

Entered this 23rd day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge